United States District Court
Southern District of Texas
**ENTERED**
March 27, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREGORY HARRIS, <br> TDCJ #1036122, <br><br> Plaintiff, <br><br> v. <br><br> WARDEN BLAKE LAMB, <br> et al., <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-22-3167 |

## MEMORANDUM OPINION AND ORDER

State inmate Gregory Harris (TDCJ #1036122) has filed a Prisoner's Civil Rights Complaint ("Complaint") (Docket Entry No. 1), challenging a disciplinary conviction that was entered against him at the Estelle Unit in Huntsville. He has also filed Plaintiff's More Definite Statement ("Plaintiff's MDS")(Docket Entry No. 7), which provides additional details about his claims and the challenged disciplinary proceeding. Because Harris is a prisoner who proceeds in forma pauperis, the court is required to scrutinize the claims and dismiss the Complaint if it determines that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. **Background**

Harris is presently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") as the result of convictions for burglary of a habitation and aggravated assault with a deadly weapon.[1] See Harris v. State, No. 01-00-01083-CR, 2001 WL 170936 (Tex. App. — Houston [1st Dist.] Feb. 22, 2001, no pet.) (per curiam) (dismissing the appeal from Harris's conviction for burglary of a habitation for lack of jurisdiction); Harris v. State, No. 01-01-0513-CR, 2003 WL 360264 (Tex. App. — Houston [1st Dist.] Feb. 20, 2003, pet. ref'd) (affirming the conviction for aggravated assault with a finding that a deadly weapon was used during the offense). Harris has filed this lawsuit against the following defendants, who are employed by TDCJ at the Estelle Unit: (1) Warden Blake Lamb; (2) Sergeant Jeremy Zwar; (3) Officer Kimberly Edwards; (4) Officer Joshua Hill; and (5) Grievance Investigator Tracie Sible.[2]

Harris alleges that Sergeant Zwar and Officer Edwards filed a disciplinary case against him for possession of contraband after

---

[1] See Texas Department of Criminal Justice Offender Information, available at: https://www.inmate.tdcj.texas.gov (last visited March 15, 2023); see also Plaintiff's MDS, Docket Entry No. 7, p. 8 (Response to Question 14). For purposes of identification, all page numbers reference the pagination imprinted on each docket entry by the court's electronic case filing system, ECF.

[2] Complaint, Docket Entry No. 1, p. 3; Plaintiff's MDS, Docket Entry No. 7, pp. 6-7 (Response to Questions 6(a)-(e)).

searching his cell, which Harris shared with another inmate.[3] Disciplinary charges were filed against Harris in Case No. 22020037287 on October 25, 2021.[4] The charges stemmed from contraband that was found in a "discarded electrolyte package," which tested positive for a controlled substance.[5] Photographs of the electrolyte package and the positive field test were admitted as evidence along with the charging officer's report at a disciplinary proceeding held on October 29, 2021.[6] The disciplinary hearing officer (Captain J. Helm) found Harris guilty as charged.[7]

As punishment for the disciplinary offense, Harris was restricted to his cell for 45 days without recreation privileges and his commissary privileges were suspended for 30 days.[8] Harris was reduced in classification status and he lost 365 days of previously earned good-time credit.[9] Following the conviction for possession of contraband, prison officials also placed a "CB" code

---

[3] Complaint, Docket Entry No. 1, p. 4.

[4] Plaintiff's MDS, Docket Entry No. 7, p. 2 (Response to Question 3(a)).

[5] Id. at 2 (Response to Question 3(b)); Complaint, Docket Entry No. 1, p. 4.

[6] Plaintiff's MDS, Docket Entry No. 7, p. 2 (Response to Question 3(b)).

[7] Id. at 2 (Response to Questions 3(e) and 3(h)).

[8] Id. at 2 (Response to Question 3(i)).

[9] Id.

on Harris's classification status, which imposes restrictions on the manner in which he receives money into his inmate trust fund account.[10]

Harris contends that his disciplinary conviction was not supported by sufficient evidence showing that he possessed the contraband recovered from his cell.[11] Harris alleges further that the officer who conducted the field test of the substance recovered from the electrolyte package (Officer Hill) was not qualified to determine whether drugs were present, noting that the test results were not sent to an independent laboratory for confirmation.[12] Harris contends that the grievance investigator who handled his appeal (Sible) disregarded his arguments and failed to properly investigate his claims.[13] Harris alleges that Warden Lamb also declined to conduct any additional investigation into the charges that resulted in the disciplinary conviction.[14] Invoking 42 U.S.C. § 1983, Harris seeks injunctive relief that would require TDCJ to have all positive field tests of contraband sent to an independent lab for confirmation and he asks that his disciplinary conviction

---

[10]Id. at 5 (Response to Questions 8(c) and 9).

[11]Id. at 3 (Response to Question 4).

[12]Id.; Complaint, Docket Entry No. 1, p. 4.

[13]Complaint, Docket Entry No. 1, p. 4; Plaintiff's MDS, Docket Entry No. 7, pp. 4-5 (Response to Questions 8(a) and 8(b)).

[14]Plaintiff's MDS, Docket Entry No. 7, p. 6 (Response to Question 10(a)).

be overturned.[15]

## II.  Discussion

Harris seeks relief from the disciplinary conviction entered against him in Case No. 22020037287, which he claims was false and not supported by sufficient evidence.[16] To the extent that Harris's allegations call into question the validity of his disciplinary conviction, which has not been overturned, he cannot maintain an action under 42 U.S.C. § 1983. The Supreme Court held in Heck v. Humphrey, 114 S. Ct. 2364 (1994), that claims bearing a relationship to a conviction or sentence that has not been invalidated, either by a state tribunal or on federal habeas review, are not cognizable under 42 U.S.C. § 1983. Id. at 2372. Although Heck involved a claim for damages, the Fifth Circuit has held that the rule also applies to claims for injunctive or declaratory relief which implicate the validity of a conviction that has not already been set aside. See Mann v. Denton County, 364 F. App'x 881, 883 (5th Cir. 2010) (per curiam) (citing Kutzner v. Montgomery County, 303 F.3d 339, 340-41 (5th Cir. 2002); Shaw v. Harris, 116 F. App'x 499 (5th Cir. 2004)). In this context, a "conviction" includes a prison disciplinary conviction that results in the loss of good-time credit. See Edwards v. Balisok, 117 S.

---

[15]Complaint, Docket Entry No. 1, p. 4.

[16]Id. at 3-4; Plaintiff's MDS, Docket Entry No. 7, p. 3 (Response to Question 4).

Ct. 1584, 1589 (1997).

Harris indicates that he pursued an appeal through the grievance process, but he has not challenged the prison disciplinary conviction by filing a federal habeas corpus proceeding.[17] The court is mindful that Harris represents himself and that his pleadings are entitled to a liberal construction. See Haines v. Kerner, 92 S. Ct. 594, 596 (1972) (per curiam). However, even if the court were to treat Harris's Complaint as a habeas corpus petition his challenge to the disciplinary conviction would still fail to state a viable claim because his allegations do not establish that a constitutional violation occurred in connection with his custody, which is a prerequisite for obtaining habeas relief. See 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]").

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See Wolff v. McDonnell, 94 S. Ct. 2963, 2974-75 (1974). Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. See

---

[17]Plaintiff's MDS, Docket Entry No. 7, p. 4 (Response to Question 7).

Sandin v. Conner, 115 S. Ct. 2293, 2302 (1995).  A Texas prisoner cannot demonstrate a Due Process violation in the prison disciplinary context without first satisfying the following criteria:  (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit.  See Malchi v. Thaler, 211 F.3d 953, 957-58 (5th Cir. 2000); see also White v. Jenkins, 735 F. App'x 855, 856 (5th Cir. 2018) (per curiam) ("A prisoner who is not eligible for release on mandatory supervision has no constitutional expectancy of early release and so has no protected liberty interest in his good time credits.") (citation omitted).

Although Harris lost previously earned good-time credit as a result of his disciplinary conviction he cannot meet the other criteria for establishing a Due Process violation because, as a Texas inmate serving a sentence for aggravated assault with a deadly weapon, he is not eligible for early release on mandatory supervision.[18]  See TEX. GOV'T CODE § 508.149(a)(7) (an inmate previously convicted of aggravated assault in violation of Texas Penal Code § 22.02 is not eligible for mandatory supervision).

To the extent that Harris also lost privileges, this type of sanction does not pose an "atypical" or "significant" hardship that implicates a constitutionally protected liberty interest.  See

---

[18]Petition, Docket Entry No. 1, p. 5.

Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (observing that limitations imposed on commissary privileges and temporary cell restrictions are "merely changes in the conditions of [an inmate's] confinement and do not implicate due process concerns"). Likewise, reductions in a prisoner's classification status and the potential impact on good-time credit earning ability are not protected by the Due Process Clause. See Malchi, 211 F.3d at 958; Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995).

In addition, although Harris claims that Sible and Warden Lamb violated his rights by failing to adequately investigate his grievances, the Fifth Circuit has held that a prisoner's claim that his grievances were improperly investigated and denied must be dismissed because a prisoner "does not have a federally protected liberty interest in having . . . grievances resolved to his satisfaction." Schwarzer v. Wainwright, 810 F. App'x 358, 360 (5th Cir. 2020) (per curiam)(quoting Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005)). A state prisoner cannot otherwise demonstrate that he has a constitutional right to a grievance system. See Schwarzer, 810 F. App'x at 360 (citations omitted); see also Morris v. Cross, 476 F. App'x 783, 785 (5th Cir. 2012) (per curiam) (finding inmate's claim that he was denied adequate investigation into his grievance was properly dismissed as frivolous under 28 U.S.C. § 1915A(b)(i)).

Because Harris has not alleged facts that establish a

constitutional violation in connection with his disciplinary proceeding or punishment, his Complaint will be dismissed for failure to state a claim upon which relief may be granted.

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Prisoner's Civil Rights Complaint filed by Gregory Harris (Docket Entry No. 1) is **DISMISSED with prejudice**.

2. The dismissal will count as a **STRIKE** for purposes of 28 U.S.C. § 1983.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also send a copy of this Memorandum Opinion and Order to the Three-Strikes List at Three_Strikes@txs.uscourts.gov.**

**SIGNED** at Houston, Texas, on this 27th day of March, 2023.

---
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE